**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| PATRICK COLLINS, INC., | |
| Plaintiff, | Case No:   2:11-cv-15232-DPH-MAR |
| v. | |
| JOHN DOES 1-21, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO JOHN DOE 18'S MOTION TO**
**QUASH SUBPOENA AND DISMISS [DKT. #6]**

## I.     <u>INTRODUCTION</u>

This Court's decision will become widely cited precedent that will affect the rights of copyright holders across all segments of society.   "[T]he putative defendants are currently identified only by their IP addresses and are not named parties.   Consequently, they are not required to respond to the plaintiffs' allegations or assert a defence. The defendants may be able to demonstrate prejudice [after being named], but they cannot. . . before that time." <u>Call of the Wild v. Does 1-1062,</u> 770 F.Supp.2d 332, 344 (D.D.C. 2011).   For this reason, "the overwhelming majority of courts have denied as premature motions to sever prior to discovery." <u>First Time Videos, LLC v. Does 1-76</u>, 2011 WL 3586245 (N.D. IL 2011) (citing a long list of cases holding joinder is proper).

As explained below, the overwhelming majority of courts permit joinder in BitTorrent actions.   Joinder is proper because the claims against all defendants are logically related and Plaintiff is seeking joint and several liability.   Joinder in BitTorrent copyright infringement cases has been thoroughly analyzed in many opinions and has been permitted where, as here: (a) the complaint clearly explains how BitTorrent works through a series of transactions, (b) all of the defendants live in the district (eliminating long-arm issues and venue), (c) all of the defendants were part of the same exact swarm of peer infringers as evidenced by a unique cryptographic hash value, and (d) Plaintiff pled that the Defendants' are contributorily liable for each others' infringement.   Recently, a court in New York examined the issue and held joinder is proper, concluding:

> [I]t is difficult to see how the sharing and downloading activity alleged in the Complaint—a series of individuals connecting either directly with each other or as part of a chain or "swarm" of connectivity designed to illegally copy and share the exact same copyrighted file—could *not* constitute a "series of transactions or occurrences" for purposes of Rule 20(a).

<u>Digital Sin, Inc. v. Does 1-176</u>, 2012 WL 263491 (S.D.N.Y. Jan. 30, 2012).

While courts have wide discretion to permit permissive joinder, this discretion must be exercised consistent with the requirement set forth in Rule 1 and the policy underlying Rule 20. Applying the existing law surrounding joinder to the facts in this case leads to but one inescapable conclusion: joinder is proper and should be permitted.

## II.   PLAINTIFF'S CLAIMS MEET FED. R. CIV. P. 12(B)(6)'S PLEADING STANDARDS AND SHOULD NOT BE DISMISSED

Plaintiff easily passes the standard used by this circuit when adjudicating a motion to dismiss:

> The standard to be applied in deciding a motion to dismiss is as follows: This Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. A complaint need only give "fair notice of what plaintiff's claim is and the grounds upon which it rests." A judge may not grant a Fed.R.Civ.P. 12(b)(6) motion to dismiss based on a disbelief of a complaint's factual allegations.

<u>Andrews v. State of Ohio</u>, 104 F.3d 803, 806 (6th Cir. 1997) (citing <u>In re DeLorean Motor Co.</u>, 991 F. 2d 1236, 1240 (6th Cir. 1993)).

### 1.   Plaintiff's Factual Allegations Are Sufficient to Establish Defendants' Liability for The Four Well Pled Causes Of Action

Plaintiff pled four causes of action: (a) direct copyright infringement; (b) contributory copyright infringement; (c) trademark infringement; and (d) contributory trademark infringement.  "A plaintiff may bring a claim against a person who infringes any of the plaintiff's exclusive rights in a copyright under § 106 by demonstrating two elements: '(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.'" <u>Stromback v. New Line Cinema</u>, 384 F.3d 283, 293 (6th Cir. 2004).  "Contributory infringement occurs when one, 'with knowledge of the infringing activity, induces, causes, or materially

contributes to the infringing conduct of another.'" Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (citing Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 621 (6th Cir.2004)). "[I]f a . . . distributor . . . continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the . . . distributor is contributorily responsible for any harm done as a result of the deceit." Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 854 (1982).

Here, the vast majority of Plaintiff's Complaint is dedicated to explaining how BitTorrent works and how each of the Defendants downloaded and distributed Plaintiff's copyrighted work in violation of copyright and trademark laws. In short, even a cursory review of the Complaint reveals that it contains a substantial number of specific factual allegations about the Defendant's conduct, including by way of paraphrasing that each Defendant went and installed a BitTorrent Client on his or her computer, went to a Torrent website, clicked on a torrent file, began downloading the copyrighted movie, and began distributing the copyrighted movie to others. The allegations of infringement set forth in the Complaint they were attested to by Plaintiff's investigator, IPP, Limited. In short, Plaintiff sufficiently pled the facts that underlie its causes of action.

**2. Other Courts Have Unanimously Held Peer to Peer Infringement In BitTorrent Cases Would Survive a Motion to Dismiss**

Many other courts have held Peer to Peer infringement in BitTorrent cases survives a Motion to Dismiss. OpenMind Solutions, Inc. v. Does 1-39, 2011 WL 4715200, *4 (N.D.Cal. 2011) (complaint alleging copyright infringement through the BitTorrent protocol would withstand a motion to dismiss); First Time Videos, LLC v. Does 1-95, 2011 WL 4724882, *4 (N.D. Cal. 2011) (complaint alleging copyright infringement through the BitTorrent protocol would withstand a motion to dismiss); Patrick Collins, Inc. v. Does 1-2,590, 2011 WL 4407172,

*3 (N.D. Cal. 2011) (complaint alleging copyright infringement through the BitTorrent protocol would withstand a motion to dismiss); <u>New Sensations, Inc. v. Does 1-1,474,</u> 2011 WL 4407222, *3 (N.D. Cal. 2011) (complaint alleging copyright infringement through the BitTorrent protocol would withstand a motion to dismiss); <u>Pacific Century Intern., Ltd. v. Does 1-48,</u> 2011 WL 472543 (N.D. Cal. 2011) (complaint alleging copyright infringement through the BitTorrent protocol would withstand a motion to dismiss). For these reasons Plaintiff's claim should survive a Motion to Dismiss.

## III.   JOINDER IS PROPER

### A. Facts

#### 1. Absent Joinder, Data Retention Issues Will Cause Plaintiff To Sue John Does That Cannot Be Identified

Plaintiff has learned through suits across the country that there are major deficiencies associated with many internet service providers' ability to correlate a subscriber to an individual.[1] According to the FBI, 19% of its ISP lookup requests in one child pornography investigation failed to yield a positive identity. <u>See</u> FN 2. Plaintiff's statistics are similar, 10-15% of the identities subpoenaed by Plaintiff in cases nationally fail to identify a person or legal entity. While most national ISPs are fairly good at retaining data, several other national ISPs and many regional ISPs are very bad at it. Any decision regarding joinder in a BitTorrent peer-to-peer copyright case simply must take data retention and data failure issues into consideration. Significantly, a rule requiring Plaintiff to sue John Doe defendants on an individual basis creates the substantial risk that the target will not be identified. Unless the Court system allows Plaintiff to dilute the problem through joined cases, this phenomenon will needlessly increase the cost

---

[1] <u>See</u> <u>Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives</u>, (January 2011) at <u>http://judiciary.house.gov/hearings/pdf/Weinstein 01252011.pdf</u>

associated with pursuing infringement cases.

### 2. Joinder is Required By Rule 1's Instruction to Judges to Construe The Rules to Secure the Inexpensive Determination of Every Action

Fed.R.Civ.P. 1 requires that Courts construe the rules to secure the inexpensive determination of every action. Fed.R.Civ.P. 20, the joinder rule, has the same purpose. As explained below, disallowing joinder is inconsistent with the purpose of both Rules. Indeed, since jurisdiction and venue is proper in this District, if Plaintiff was forced to proceed individually all of these cases would be filed in this District. Plaintiff would have to file notices of related cases. Presumably, this Court would consolidate the cases for purposes of judicial management. Thereafter, at every stage of the process, the litigants and the Court would be faced with additional work. For example, instead of one motion for leave to serve subpoenas in advance of a 26(f) conference, there would be many such identical motions. Instead of one Rule 26(f) conference and report, there would be many such identical Rule 26(f) conferences and reports. Identical pleadings and papers would be repetitively filed. Not only would this needlessly increase the costs for the parties and Court but also for the third party internet service providers.

### B. Legal Argument

Fed. R. Civ. P. 20(a)(2) states:

Persons . . . may be joined in one action as defendants if:
(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.
"Under the Federal Rules generally, 'the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 724 (1966). "The purpose

of [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." <u>Mosley v. Gen. Motors Corp.</u>, 497 F.2d 1330, 1332 (8th Cir.1974). Here, severing Defendants will create multiple totally unnecessary lawsuits.

## 1. __The Logical Relationship Test__

Courts across the country employ the "logical relationship" test to ascertain whether joinder is proper under the same transaction or series of transactions test. According to the rule, a series of transactions may be a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship, and absolute identity of all events is unnecessary. "'Transaction' is a word of flexible meaning. <u>It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.</u>" <u>Moore v. New York Cotton Exchange</u>, 270 U.S. 593, 610, 46 S.Ct. 367, 371(1926)). "Accordingly, all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." <u>Mosley v. General Motors Corp.</u>, 497 F.2d 1330 (8th Cir. 1974)). "The analogous interpretation of the terms as used in Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. <u>Absolute identity of all events is unnecessary.</u>" <u>Id</u>. (Underlining added.) The logical relationship test has been consistently used in decisions concerning BitTorrent copyright infringement in suits across the country. <u>See e.g.</u> <u>Patrick Collins, Inc. v. John Does 1-2590,</u> 2011WL 4407172, * 6 (N.D. Cal. 2011).

## 2. __The Way BitTorrent Works, Infringers Continue To Distribute Files Indefinitely__

BitTorrent continues to distribute data for a particular torrent file until the user commands its BitTorrent Client (software program) to stop distributing it. Many users never instruct the program to stop distributing data. According to BitTorrent's own website:

**Seeding** is where you leave your BitTorrent client open after you've finished your

download to help distribute it (you distribute the file *while* downloading, but it's even more helpful if you continue to distribute the full file even after you have finished downloading). Chances are that most of the data you got was from seeds, so help give back to the community! It doesn't require much - <u>BitTorrent will continue seeding until the torrent is removed</u>. [Underlining added.]

<u>See http://www.bittorrent.com/help/guides/beginners-guide</u>.

**3.    <u>Same Swarm BitTorrent Infringement is Logically Related</u>**

The    following    description    of    BitTorrent    can    be    found    at http://computer.howstuffworks.com/bittorrent2.htm, and describes the series of transactions:

BitTorrent is unique insofar as it distributes the burden of sharing files to <u>all</u> users:



<div style="border:1px solid">

**WHAT BITTORRENT DOES**

Unlike some other peer-to-peer downloading methods, BitTorrent is a protocol that offloads some of the file tracking work to a central server (called a tracker). Another difference is that it uses a principal called tit-for-tat. This means that in order to receive files, you have to give them. This solves the problem of leeching – one of the developer Bram Cohen's primary goals. With BitTorrent the more files you share with others, the faster your downloads are. from multiple computers.

</div>



<div style="border:1px solid">

What makes the BitTorrent protocol unique is that it distributes [the burden of] the sharing of files to **all** users who have downloaded or are *in the process* of downloading a file. Because BitTorrent breaks up and distributes files in hundreds of small chunks, you don't even need to have downloaded the whole file before you start sharing. As soon as you have even a piece of the file, you can start sharing that piece with other users. That's what makes BitTorrent so fast; your BitTorrent client starts sharing as soon as it downloads one chunk of the file (instead of waiting until the entire download has been completed).  [Parenthetical added, emphasis added.]

</div>

See://lifehacker.com/285489/a-beginners-guide-to-bittorrent.  By causing <u>all</u> users to distribute the file, BitTorrent ensures that all peers in a swarm materially aid every other peer.   This

critical fact makes BitTorrent different than every other peer-to-peer network and is one of the reasons BitTorrent cases are distinguishable from previous peer-to-peer copyright cases.

**4.    Doe Defendants Distributed The Same Exact Torrent File As Evidenced By A Cryptographic Alphanumeric Hash Value**

As alleged in the Complaint, Plaintiff's movie was processed by a BitTorrent Client (a BitTorrent software program) which generated a torrent file.  The BitTorrent Client divided the movie into hundreds or thousands of digital parts called "pieces."[2]  "Each piece is protected by a cryptographic hash contained in the torrent descriptor."  Id.  The Hash system was created by the National Security Agency.[3]  It is used not only by BitTorrent but by this Court when it sends CM/ECF filings to litigants (the alphanumeric code at the end of the filing receipt is a cryptographic hash.)   "Cryptographic hash functions have many information security applications, notably in digital signatures, message authentication codes (MACs), and other forms of authentication."  See FN 2.  In BitTorrent, "[w]hen another peer later receives a particular piece, the hash of the piece is compared to the recorded hash to test that the piece is error-free."  See FN 2.  "Cryptographic hash values are sometimes called (digital) fingerprints." See FN 3.

Plaintiff's investigators use the hash value as a digital fingerprint that enables Plaintiff to ensure that all of the infringements alleged in this suit arise from the exact same unique version of Plaintiff's movie as evidenced by the cryptographic hash value.  Significantly, many of Plaintiff's movies have been initially seeded several times.  Each seeding produces its own independent swarm.   Here, Plaintiff has only sued Defendants in the exact same swarm.

**5.   The District of Columbia Correctly Supports Joinder In BitTorrent Cases**

The District of Columbia has issued by far and away the longest, most comprehensive,

---

[2] See http://en.wikipedia.org/wiki/BitTorrent_(protocol)
[3] See http://en.wikipedia.org/wiki/Cryptographic_hash

decisions concerning the issues, including joinder, raised in BitTorrent litigation.  Eight cases D.C. judges have adjudicated, which can be found on Westlaw, are as follows: (1) Voltage Pictures, LLC v. Vazquez, 2011 WL 5006942 (D.D.C. 2011) (opining joinder is proper and that Doe Defendants do not have standing to intervene in the discovery process prior to being named as a defendant); (2) NuImage, Inc. v. Does 1-22,322, 2011 WL 3240562 (D.D.C. 2011) (10 page opinion, permitting joinder but raising concerns about long-arm); West Coast Productions, Inc. v. Does 1-5829, 275 F.R.D. 9 (D.D.C. 2011) (11 page opinion, permitting joinder, holding long arm could be used, denying all motions to quash); Call of the Wild v. Does 1-331, 274 F.R.D. 334 (D.D.C. 2011) (permitting joinder, holding long arm could be used, denying all motions to quash); Maverick Entertainment Group, Inc. v. Does 1-2115, 2011 WL 1807428 (D.D.C. 2011) (18 page opinion, permitting joinder, holding long arm could be used, denying all motions to quash); Voltage Pictures, LLC v. Does 1-5000, 79 Fed.R.Serv.3d 891 (D.D.C. 2011) (18 page opinion permitting joinder, holding long arm could be used, denying all motions to quash); Donkeyball Movie, LLC v. Does 1-171, 2011 WL 1807452 (D.D.C. 2011) (15 page opinion permitting joinder, holding long arm could be used, denying all motions to quash); Call of the Wild v. Does 1-1062, 770 F.Supp.2d 332 (D.D.C. 2011) (36 page opinion addressing all of the issues raised in pre-Doe identification BitTorrent litigation.)  Significantly, the Call of the Wild Court denied all of the motions to quash, ruled in favor of copyright owners on the joinder issue, the free speech issue, the right to remain anonymous issue [Doe's who file motions do not have that right], allowed Plaintiff to use the long arm statute, and held that internet service providers cannot refuse to comply with subpoenas on the basis that it is unduly burdensome.

### 6.  Joinder is Proper Because the Defendants' Infringement Was Part of a Series of Transactions

In construing the Federal Rules of Civil Procedure, "[t]he intent of the rules is that all

issues be resolved in one action, with all parties before one court, complex though the action may be." LASA Per L'Industria Del Marmo Societa Per Azioni of Lasa, Italy v. Alexander 414 F.2d 143, 147 (6th Cir. 1969).

> Federal Rule of Civil Procedure 20(a), provides in pertinent part, that all persons may join in one action as plaintiffs if they assert any right to relief relating to or arising out of the same transaction or occurrence or series of transactions or occurrences and if any question of law or fact common to all the parties will arise in the action. See Anderson v. Montgomery Ward & Co., 852 F.2d 1008, 1011 n. 5 (7th Cir.1988).  Joinder is encouraged because it avoids multiple lawsuits involving similar or identical issues. Mosley v. General Motors Corp., 497 F.2d 1330, 1332-33 (8th Cir.1974).

Pasha v. Jones, 82 F.3d 418, *1 (6th Cir. 1996).

### i.  Here, Plaintiff Properly Pled a Series of Transactions

Pursuant to Fed. R. Civ. P. 8, under the notice pleading standard, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Additionally, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the Complaint." Id. at 94.  Plaintiff's Complaint easily satisfies Rule 8's requirement to give Defendants notice that Plaintiff is asserting that Defendants acted together in the same transaction or through a series of transactions:

> 29.    The BitTorrent protocol causes the initial seed's computer to send different pieces of the computer file, here the copyright Movie/Work, to the peers seeking to download the computer file.

> 30.    Once a peer receives a piece of the computer file, here a piece of the copyrighted Movie/Work, it starts transmitting that piece to the other peers.

> 31.    In this way, all of the peers and seeders are working together in what is called a "swarm."

> 33.    In this way, and by way of example only, one initial seeder can create a torrent that breaks a movie up into hundreds or thousands of pieces saved in the form of a computer file, like the Movie/Work here, upload the torrent onto a

torrent site, and deliver a different piece of the copyrighted Movie/Work to each of the peers.  The recipient peers then automatically begin delivering the pieces they just received to the other peers in the same swarm.

\* \* \*

38.    [Plaintiff's investigator] IPP extracted the resulting data emanating from the investigation, reviewed the evidence logs, and isolated the transaction and the IP addresses associated therewith for the file identified by the SHA-1 hash value of [it is set forth in the applicable Complaint] (the "Unique Hash Number").

39.    The IP addresses, Unique Hash Number and hit dates contained within Exhibit A accurately reflect what is contained in the evidence logs, and show:

(A)    Each Defendant had copied a piece or pieces of Plaintiff's copyrighted Movie/Work identified by the Unique Hash Number and was simultaneously distributing that piece or pieces to the other Defendants who, in turn, were copying and distributing that piece and other pieces thereof for distribution to the other Defendants; and

(B)    Therefore, each Defendant acted in concert with the Defendants and was part of the same series of transactions which, taken together, resulted in the copying and distribution of complete copies of Plaintiff's work.

When deciding on this exact issue, the Middle District of Florida held:

Each seeding produces its own independent swarm. Plaintiff limited the Defendants in this suit to those allegedly using the exact same swarm. Based on these allegations, the Plaintiff's claims against the Defendants are logically related. Each John Doe Defendant is a possible source for the Plaintiff's work, and may be responsible for distributing the movie to other John Doe Defendants, who are also using the same file-sharing protocol to copy the identical copyrighted material.

K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC,  at*12 (M.D. Fl. 2011).

While the logical relationship test does not require it, should this matter go to trial, Plaintiff will prove that the Defendants' infringement was committed through the same transaction or through a series of transactions with mathematical certainty by demonstrating, *inter alia,* that the algorithm used by BitTorrent Trackers would have caused the entire series of transactions to be different but for each of the Defendants' infringements.

**7.  There Are Common Issues of Fact and Law**

"Rule 20(a)(2)(B) requires the plaintiffs' claims against the putative defendants to contain a common question of law or fact." Call of the Wild, 770 F.Supp.2d at 343. "The plaintiffs meet this requirement." Id. "In each case, the plaintiff will have to establish against each putative defendant the same legal claims concerning the validity of the copyrights in the movies at issue and the infringement of the exclusive rights reserved to the plaintiffs as copyright holders." Id. The "factual issues related to how BitTorrent works and the methods used by plaintiffs to investigate, uncover and collect evidence about the infringing activity will be essentially identical for each putative defendant." Id.

**8.  Joinder Promotes Judicial Efficiency and is Beneficial to Putative Defendant and Doe Defendants Cannot Demonstrate Prejudice At This Stage**

"The Court finds no prejudice to the Defendants at this stage in the litigation. In fact, the Court finds that joinder in a single case of the Defendants who allegedly infringed the same copyrighted material both promotes judicial efficiency and benefits the Defendants, who will be able to see the defenses, if any, raised by other John Does." K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC,  at*12 (M.D. Fl. 2011).

"[T]he putative defendants are currently identified only by their IP addresses and are not named parties. Consequently, they are not required to respond to the plaintiffs' allegations or assert a defense. The defendants may be able to demonstrate prejudice [after being named], but they cannot. . . before that time." Call of the Wild v. Does 1-1062, 770 F.Supp.2d 332, 344 (D.D.C. 2011).

**9.  Disallowing Joinder Would Effectively Prevent Plaintiff From Being Able to Enforce Its Copyrights and Would Be Inconsistent With Rule 1**

The Call of the Wild Court held that disallowing joinder would effectively prevent Plaintiff from being able to enforce its copyrights:

13

The plaintiffs would be forced to file 5,583 separate lawsuits * * * Plaintiffs would
additionally be forced to pay the Court separate filing fees in each of these cases, * *
* This would certainly not be in the "interests of convenience and judicial economy,"
or "secure a just, speedy, and inexpensive determination of the action."
<u>Given the administrative burden of simply obtaining sufficient identifying
information to properly name and serve alleged infringers, it is highly unlikely that
the plaintiffs could protect their copyrights in a cost-effective manner.</u>

Id. at 344-345.

### 10. <u>District Courts From the Around the Country Permit Joinder</u>

#### i.    <u>California District Courts Permit Joinder</u>

All three Districts in California which have adjudicated joinder in BitTorrent copyright

infringement cases hold that joinder is proper.   In <u>Camelot Distribution Group v. Does 1-1210</u>,

2011 WL 4455249, *3 (E.D.Cal. 2011), the Court "conclude[d] that a decision regarding joinder

would be more appropriately made after further development of the record."  <u>See also</u>, <u>Berlin</u>

<u>Media Art E.K. v. Does 1-144,</u> 2011 WL 4056167 (E.D. CA. 2011) (permitting discovery in

joined case.)  In <u>Liberty Media Holdings, LLC v. Does 1-62</u>, 2011 WL 1869923 (S.D.Cal.2011)

the Court held "[a]fter careful consideration of the issue, . . . [i]n this case, the complaint

sufficiently *alleges* that defendants are properly joined due to the use of BitTorrent, which

necessarily requires each user to be an uploader as well as a downloader."

Chief Magistrate Judge Maria Elena-James sums up the decisions of the judges in the

Northern District of California who have repeatedly held that joinder is proper.   <u>See e.g.</u> <u>Patrick</u>

<u>Collins v. Does 1-2590</u>, 2011 WL 4407172 (N.D. Cal. 2011), noting that "[r]ecently, courts in

this District . . . have come to varying decisions about the proprietary of joining multiple

defendants in BitTorrent infringement cases" and finding:

This Court has carefully reviewed such decisions and notes that they are highly
dependent on the information the plaintiff presented regarding the nature of the
BitTorrent file-sharing protocol and the specificity of the allegations regarding the
Doe defendants' alleged infringement of the protected work. Both of these factors
guide the Court's joinder analysis . . . [in concluding joinder is proper].

See also, New Sensations, Inc. v. Does 1-1,474, 2011 WL 4407222, (N.D.Cal. 2011) (same.) Accord Hard Drive Productions, Inc. v. Does 1–46, 2011 U.S. Dist. LEXIS 67314 (N.D. Cal. 2011) (same); New Sensations, Inc. v. Does 1745, 2011 WL 2837610 (N.D. Cal. 2011) (same, and opining "Judge Howell of the D.C. Circuit has repeatedly held that in infringement actions" joinder is proper "[h]is analysis makes sense.")[4]

### ii.      The Northern District of Illinois Permits Joinder

Defendant relies on cases which cannot be found on Westlaw from Illinois using the search terms BitTorrent and joinder. There are only four decisions which come up using Westlaw and the terms "BitTorrent & joinder" in Illinois; they are Hard Drive v. Does 1-55, 2011 WL 4889094, (N.D.Ill 2011); First Time Videos, LLC v. Does 1-76 --- F.R.D. ----, 2011 WL 3586245 (N.D.Ill.,2011); First Time Videos, LLC v. Does 1-500, --- F.Supp.2d ----, 2011 WL 3498227 (N.D.Ill.,2011); MGCIP v. Does 1-316, 2011 WL 2292958 (N.D. Ill. 2011).   All four Illinois decisions held joinder is proper and distinguish previous Illinois decisions (which cannot be found on Westlaw) that do not so hold.

### iii.      New York Permits Joinder

Courts in New York have held that joinder is proper in BitTorrent copyright cases when as here all Doe Defendants' IP addresses were traced to this district and all of the Defendants in a given case participated in the same swarm of infringers as evidenced by a cryptographic hash value.  See DigiProtect USA Corp. v. Does, 2011 WL 4444666 (S.D.N.Y. 2011).  See also Digital Sin, Inc. v. Does 1-176, 12-CV-00126 AJN, 2012 WL 263491 (S.D.N.Y. Jan. 30, 2012).

---

[4] See Pacific Century Intern v. Does 1-43, 2011 WL 472543 (N.D. Cal. 2011) (a poorly reasoned opinion holding that if Plaintiff admits additional discovery is needed to proceed against the correct person then joinder is improper.) Cf Liberty Media Holdings, LLC v. Swarm of November 16, 2010, 2011 WL 1597495 (S. D. Cal. 2011) (holding a claim for negligently letting others to use your internet could withstand a motion to dismiss).  Here, Plaintiff intends to pursue each Doe Defendant.

Although not on Westlaw, in a complaint with very nearly verbatim identical allegations as the one before the Court now, New York held joinder was proper. <u>Patrick Collins v. John Does 1-9</u>, 11-cv-01269 (S.D.N.Y. 2011) (Dkt. 10) stating: "Order denying Motion to Quash and to Sever. Upon careful consideration, for the reasons stated in plaintiff's opposition, the motion is denied."

### 11. Joinder is Also Proper Because Plaintiff Pled That Each of the Defendants Is Contributorily Liable For Each Other Defendant's Infringement

Joinder is also proper because Plaintiff pled that each Defendant is contributorily liable for each of the other Defendant's infringement. "It is, today, a given that 'one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory infringer.'" <u>Costar Group, Inc. v. Loopnet, Inc.</u>, 164 F. Supp.2d 688, 696 (M.D. 2001). Here, Plaintiff properly pled contributory infringement:

54.   By participating in the BitTorrent swarm with the other Defendants, each Defendant induced, caused or materially contributed to the infringing conduct of each other Defendant.

55.   Plaintiff did not authorize, permit or consent to the Defendants' inducing, causing or materially contributing to the infringing conduct of each other Defendant.

56.   Each Defendant knew or should have known that other BitTorrent users, here the other Defendants, would become members of a swarm with Defendant.

57.   Each Defendant knew or should have known that other BitTorrent users in a swarm with it, here the other Defendants, were directly infringing Plaintiff's copyright[ed] Work by copying those of the constituent elements of the registered Work that are original.

58.   Indeed, each Defendant directly participated in and therefore materially contributed to each other Defendant's infringing activities.

59.   Each of the Defendants' contributory infringements were committed 'willfully' within the meaning of 17 U.S.C. § 504(c)(2).

Significantly, Plaintiff will prove that there was one initial seeder that uploaded the subject torrent file identified by the unique hash value. Plaintiff will further prove that when a Defendant receives a piece from a downstream infringer, i.e., an infringer who already had that piece, then that Defendant will automatically begin distributing the piece it received from the

downstream infringer to others.  By doing so, Plaintiff will prove that said Defendant materially assists the downstream infringer's direct infringement of Plaintiff's exclusive right to "redistribute . . . the Work. . . ."  in violation of 17 U.S.C. § 106(3) and 17 U.S.C. §501. Similarly, when a Defendant provides a piece of Plaintiff's copyrighted work to an upstream infringer, Plaintiff will prove that the upstream infringer both sends that piece to other infringers and will also assemble the entire Work.  Accordingly, by delivering a piece to an upstream infringer, the Defendant is contributorily liable for materially assisting the upstream infringer to redistribute, perform and display the Work in violation of 17 U.S.C. § 106(3)-(5) and 17 U.S.C. § 501.

### i.      Contributory Infringement is a Jury Question

Since one of the grounds for permissive joinder is joint and several liability, should the Court hold that joinder is not permitted, then any such holding would effectively summarily adjudicate Plaintiff's claim for contributory infringement.  Such a holding would be erroneous because contributory infringement is "a question of fact for trial."  Adobe Systems, Inc. v. Canus Productions, Inc., 173 F. Supp.2d 1044, 1055 (C.D. Cal. 2001); Marobie-FL, Inc. v. National Ass'n of Fire Equipment Distributors, 983 F. Supp. 1167 (N.D. IL 1997) ("fact questions precluded summary judgment with respect to providers' liability for contributory infringement"). Moreover, since BitTorrent works through the cooperative exchange among peers in a swarm, claims for contributory infringement must be permitted or the law would be inconsistent with the very nature of BitTorrent.

### ii.      Plaintiff Intends to Call Each Defendant To Prove Contributory Infringement vis-à-vis the other Defendants

Regarding contributory infringement, by way of example, Plaintiff has to prove Doe 1 is liable for direct infringement in order for Plaintiff to succeed on its claim that Doe 2 is

contributorily liable for Doe 1's infringement. Indeed, "without proof of direct infringement there can be no liability for contributory infringement." Bridgeport Music, inc. v. Diamond Time, Ltd., 371 F.3d 883 (6th Cir. 2004). Accordingly, to support its claim of contributory infringement against each Defendant vis-a-vis each other Defendant, Plaintiff intends to call each of the Defendants to prove the direct infringement. The realities associated with Plaintiff's evidentiary burdens weighs in favor of having one trial, as opposed to multiple trials, so that the parties' resources are not squandered.

**12. The Cases Relied Upon By John Doe Have Been Distinguished In Such A Way As Would Make Joinder Proper Here**

Defendant cites various cases in an effort to avoid joinder. Some of the cases, for example, unlike this case, involve multiple Plaintiffs and infringement of multiple copyrights in the same lawsuit. See (1) BMG Music, et.. al. v. Does 1-4, Case No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, (N.D. Cal. 2006), (5 Plaintiffs – 12 different songs, see the Complaint at ¶ 15 and Exhibit A to the Complaint); (2) Twentieth Century Fox Film Corp. et. al. v. Does 1-12, Case No. 3:04-cv-04862-WHA, (N.D. Cal. 2004), (6 Plaintiffs – 13 songs, see the Complaint at ¶¶ 4-11 and Exhibit A to the Complaint); (3) Interscope Records, et. al. v. Does 1-25, 2004 U.S. Dist. LEXIS, Case No. 6:04-cv-197 – ACC- DAB (M.D. Fla. 2004), (16 Plaintiffs and dozens if not hundreds of songs, see the Complaint at ¶¶ 4-19 and Exhibit A to the Complaint); and (4) BMG Music v. Does 1-203, Case No. 2:04-cv-00650-CN (E.D.P.A. 2004) (17 Plaintiffs and numerous works, see the Complaint at ¶¶ 4-19 & 23.) Since multiple works were at issue in these copyright cases, the Plaintiffs in those cases did not plead that the online infringements were part of the same transaction or series of transactions or that the defendants in those cases were contributorily liable for each others' infringement.

Here, all of the defendants infringed on one work by Plaintiff, within the same BitTorrent

swarm.  As the Middle District of Florida states, "[t]he Court recognizes that each Defendant may later present different factual and substantive legal defenses, but that does not defeat, at this stage of the proceedings, the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B)."  K-Beech Inc., v. John Does 1-57, Case 2:11-cv-00358-CEH-SPC,  at*12 (M.D. Fl. 2011).

Defendant's citation to LaFace Records v. Does 1-38, 2008 WL 544992 (E.D.N.C. 2008) is also misplaced.  In LaFace, eleven recording studios sued over dozens of copyrights.  The only commonality supporting joinder was that the Defendants used Gnutella, a peer-to-peer file sharing protocol.  Significantly, Gnutella works through one peer to one peer transactions; i.e., a user connects to one computer and gets the whole file.  Here, Plaintiff only sued on one copy of one movie which was broken up into pieces by BitTorrent.  And, Plaintiff alleged that the Defendants were distributing the pieces to each other.  Indeed, BitTorrent works differently than Gnutella insofar as it causes all participants in a swarm to upload pieces of the movie to each other.  Consequently, here, Plaintiff pled that each of the Defendants is contributorily liable for the infringement of each of the other Defendants.  This is yet another basis to hold that joinder is proper.

Defendant also relies on cases where courts severed because venue was not proper with most of the defendants residing in different jurisdiction.  See Third World Media, LLC v. Does 1-1,243, Case No. 3:10-cv-00090 (N.D.W.V. Dec. 16, 2010); Axel Braun Production v. Does 1-7,098, Case No. 3:10-cv-00112, (N.D.W.V. Dec. 23, 2010); Lightspeed v. Does 1-1,000, 2011 LEXIS 35392 (N.D. Ill. March 31, 2011).  Here, all of the Defendants reside within the jurisdiction of this Court.

III.      **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

This 13th day of February, 2012.

Respectfully submitted,

/s/ *John S. Hone*_____
John S. Hone
Michigan Bar No. P36253
Attorney for Plaintiff
The Hone Law Firm, P.C.
28411 Northwestern Hwy., Ste. 960
Southfield, Michigan 48034
P: (248) 948-9800
F: (248) 948-9811
*jhone@honelawfirm.com*

**CERTIFICATE OF COMPLIANCE**

Pursuant to MI R USDCTED LR 5.1(a) I hereby certify that the PLAINTIFF'S MEMORANDUM IN OPPOSITION has been prepared using one of the font and point selections approved by the Court in MI R USDCTED LR 5.1(a)(3).   This document was prepared using Times New Roman (12 pt.).

This 13th day of February, 2012

/s/ *John S. Hone*_____
John S. Hone
Michigan Bar No. P36253
Attorney for Plaintiff
The Hone Law Firm, P.C.
28411 Northwestern Hwy., Ste. 960
Southfield, Michigan 48034
P: (248) 948-9800
F: (248) 948-9811
*jhone@honelawfirm.com*