UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK COLLINS, INC.,

        Plaintiff,

v.                                          Case No. 11-15232
                                                         Honorable Denise Page Hood

JOHN DOES 1-21,

        Defendants.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION AND DENYING
DEFENDANTS' MOTION TO QUASH SUBPOENA**

**I.   INTRODUCTION**

This matter is before the Court for a review of Magistrate Judge Mark A. Randon's Report and Recommendation **[Docket No. 13 filed April 05, 2012]**, in which the Magistrate Judge recommended that the Court deny the Defendants' Motion to Quash Subpoena and to Dismiss. After a thorough review of the record, the applicable law, the Magistrate Judge's Report and Recommendation and the objection filed Defendant John Doe 18 [Docket No. 14 filed, April 18, 2012], the Court accepts and adopts the Report and Recommendation submitted by Magistrate Judge Mark A. Randon.

**II.   STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1). The Magistrate Judge only makes a recommendation to this Court; this recommendation has no presumptive weight. This Court has the responsibility of making the final determination in this matter. *Mathews v. Weber*, 423 U.S. 261, 270-271 (1976). The Court must review the recommendation de novo. *Id.* at 273. The Court "may accept, reject, or modify

in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Report and Recommendation sets forth in detail the relevant facts and legal standards for this case. The Court incorporates the Magistrate Judge's Report and Recommendation herein without a recitation.

In order to preserve the right to appeal, the Defendant must file objections to the Report and Recommendation within fourteen days after being served with a copy as provided in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. L.R. 72(d). Objections must include the basis and be served upon the proper parties, including those entitled to be heard on the matter. The Defendant has filed a timely objection to the Magistrate Judge's Report and Recommendation [Docket No.14].

### III. ANALYSIS

Upon review of Magistrate Judge Mark A. Randon's Report and Recommendation, the Court finds the analysis was thorough and well reasoned. The Magistrate Judge correctly analyzed the legal issues, employed the proper standards and reasonably applied the law to the facts. The Court finds that joinder is appropriate at this early stage of litigation because the Plaintiff is asserting a right against the Defendants that appear, given the technology involved, to occur in the same series of transactions and involve common questions of law with respect to each Defendant. As a result, the Court finds that the Magistrate Judge did not erroneously conclude that joinder is proper and appropriately denied severance of the Defendants.

### A. Joinder of 21 Defendants

The Defendants contend that the Magistrate Judge's Report and Recommendation improperly concluded that joinder is permissible in this case. The Defendants claim that joinder under Federal Rule of Civil Procedure 20(b) is inappropriate when it may expose the Defendants to embarrassment, delay, expense or other prejudice. The Defendants reference other courts that

have rejected mass joinder attempts.[1]

Rule 20(a)(2) imposes two specific conditions to join defendants in one action: (1) a right to relief is asserted against them jointly or severally relating to, or arising out of the same transaction or occurrence and (2) that any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). The permissive joinder rule is to be construed liberally in order to promote trial convenience and to prevent multiple disputes. *League to Save Lake Tahoe v. Tahoe Reg. Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1972). Joinder of claims, parties and remedies is strongly encouraged.[2] The decision to sever a claim under Rule 21 is in the Court's broad discretion. "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

The Court examines whether joinder would result in prejudice against the Defendants. Joinder of the Defendants in a single case, who allegedly infringed on the same copyrighted material, promotes judicial efficiency and is beneficial to the alleged Defendants. *London- Sire Records, Inc. v. Doe 1,* 542 F.Supp.2d 153, 161(D. Mass. 2008). If the Plaintiff is required to proceed against each of the 21 Defendants separately, the court and Plaintiff would have to expend a great deal of time, resources and money. Courts that have permitted joinder have taken a similar approach by finding it appropriate as an initial matter and allowing any defendant, once named and served, to challenge the appropriateness of joinder later in the case. *See*, *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 344 (D.D.C. 2011); *K–Beech Inc. v. Does 1–57*, No. 11–358, 2011 WL 5597303 (M.D. Fla. Nov.1, 2011). This is consistent with the

---

[1] The decision made in *Patrick Collins v. Does 1-23,* No. 11-15231, 2012 WL1019034 (E.D. Mich. Mar. 26, 2012), is persuasive, but is not binding on this Court.

[2] Rule 20 should be applied in line with the goal of Rule 1 which requires the rules to be applied in a way that allows the just, speedy and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1.

Rules, which grant the district court power to drop parties and sever claims "at any time, on just terms." Fed. R. Civ. P. 21.

Currently, the Defendants are only identified by their Internet Protocol (IP) addresses and are not named defendants. Once the Plaintiff proceeds with the case against them, the Defendants could possibly demonstrate prejudice and harm; however, because the Defendants have not been identified, the Defendants cannot show that harm has occurred before that time. At this juncture, the Court finds that the Plaintiff has met the requirements for permissive joinder under Rule 20(a)(2).

### B. Same Transaction, Occurrence, or Series of Transactions or Occurrences

Rule 20 permits joinder of defendants in a single action if a right to relief is asserted against them "arising out of the same transaction, occurrence or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(B). The Defendants assert that the Plaintiff failed to establish a concerted action amongst the Defendants to satisfy Rule 20(a)(2)(A). As mentioned in the Report and Recommendation, a concert of action is not a prerequisite of joinder. Plaintiff has asserted a right to relief jointly and severally against the Defendants. The Plaintiff's assertion of a right satisfies the first clause of Rule 20(a)(2)(A).

The Magistrate Judge's Report and Recommendation also referenced the "logical relationship test" and how the BitTorrent protocol works to demonstrate that the transaction or occurrence requirement in Rule 20 was satisfied. The logical relationship test is satisfied if there is a substantial overlap in the facts that give rise to the claims against each defendant. *Third Degree Films v. Does 1-36*, No. 11-CV-15200, 2012 WL 2522151 *5 (E.D. Mich. May 29, 2012). This Court agrees with the Magistrate Judge's findings that, for purposes of Rule 20(a)(2)(A), joinder of the Defendants in a single action is appropriate because the claims against

all Defendants are logically related and the Defendants, as members of the same BitTorrent swarm, participated in the same series of transactions or occurrences by uploading or downloading a piece of the same seed file. Based on this information in the record, the Court finds that sufficient evidence was provided to find that the Defendants were a part of the same transaction. The Plaintiff has adequately met the "same transaction" requirement of Rule 20(a)(2)(A).

### C. A Question of Law or Fact Common to All Defendants

Rule 20(a)(2)(B) requires the Plaintiff's claim against the alleged Defendants contain a common question of fact or law. The Defendants aver that the Plaintiff has not shown a question of law or fact in common to all Defendants. The Plaintiff has alleged the same legal causes of action and that the same BitTorrent protocol was used to illegally download and distribute the Plaintiff's Movie. Plaintiff conducted a forensic investigation which led to the discovery of the IP addresses associated with each Defendant. The relatedness arises not merely because of their common use, as the Defendants assert, but because each Defendant affirmatively chose to download the same Torrent file that was created by the same initial seeder, intending to: (1) use others' computers to download pieces of the same Movie and; (2) allow his or her computer to be used in the infringement by other peers and Defendants in the same swarm. *Third Degree Films* at *9 (2012). The Court finds that the Plaintiff has adequately pled facts satisfying Rule 20(a)(2)(B).

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation **[Docket. No. 13, filed April 5, 2012]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Quash Subpoena and Dismiss **[Docket No. 6 filed, January 26, 2012]** is **DENIED**.

Dated:  September 28, 2012	s/Denise Page Hood
	DENISE PAGE HOOD
	UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Friday, September 28, 2012, by electronic and/or ordinary mail.

	s/Julie Owens
	Case Manager, (313) 234-5160