UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

PATRICK COLLINS, INC.,

        Plaintiff,

v.

JOHN DOES 1-21,

        Defendants.

Case No:   2:11-cv-15232-DPH-MAR

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
JOHN DOE 18'S MOTION TO DISMISS [DKT. #28]**

I.      Introduction

Plaintiff respectfully requests the Court deny Defendant John Doe 18's motion because Defendant's motion is moot. Defendant argues that Plaintiff's complaint against him should be dismissed for failure to serve during the Rule 4(m) deadline. This motion is moot because the Court recently gave Plaintiff an extension to serve until November 26, 2012. Specifically, this Court granted Plaintiff's extension because Plaintiff has not received the identity of John Doe 18 in order to serve him.

Plaintiff has not received Defendant's information because Defendant's ISP, Wide Open West, refuses to provide Defendant's information to Plaintiff until a final ruling is made on any motions made by Defendant. Plaintiff forwarded a copy of this Court's order shortly after the Court entered its ruling adopting the Report and Recommendation. Unfortunately, Wide Open West was unable to comply immediately. Now they are withholding Defendant's information pending a ruling on this motion. Ironically, Defendant seeks to be dismissed from this case for Plaintiff's failure to serve, when it is his own doing that has prevented Plaintiff from receiving his identity. John Doe 18 is playing a game of cat and mouse. Each time after his motion is denied he files another, further preventing disclosure of his identity, and now seeks dismissal on that very basis.

John Doe 18's motion consists significantly of ad homonym and attacks to Plaintiff. This is a further attempt to discredit Plaintiff and avoid liability for infringement. Neither Plaintiff nor undersigned is affiliated with John Steele, Steele Hansmeier or Prenda Law.

Here, Plaintiffs' decision to dismiss the subject Doe Defendants, without prejudice, was based on the following litigation realities: (1) at the time Plaintiffs filed the subject complaints, Plaintiffs did not know the identities of the Doe Defendants, and the 120 days afforded under

Rule 4(m) to serve defendants is insufficient for Plaintiffs to do their work; (2) Rule 11 requires that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;" (3) the dismiss and re-sue process is more equitable to the Doe Defendants, and it is more efficient and less expensive for all concerned; and (4) undersigned believes that courts generally do not like to have cases linger during substantial periods of apparent inactivity.

## II. Why Plaintiff Dismisses Doe Defendants And Does Not Immediately Serve

### A. The Time Allowed Under Rule 4(m) Is Not Sufficient

Following the receipt of the Doe Defendants' identities from their respective ISPs, Plaintiffs seek to ascertain from the Doe Defendants whether they have any exculpatory evidence, and also seek to ascertain what their intentions are with regard to the parties' dispute. This process takes time – often several months. To explain, while many Doe Defendants simply call undersigned and say *mea culpa*, you caught me, and settle for a reasonable amount -- many Doe Defendants do not, and in these situations Plaintiff engages in a substantial amount of informal discovery with these Doe Defendants. Indeed, it is normal for these Defendants to send Plaintiffs additional information which bears on their culpability or their ability to pay a settlement. And, it is normal for Plaintiffs to independently investigate these Defendants' claims. As a result of these communications, ultimately, many Doe Defendants settle their dispute with Plaintiffs or Plaintiffs chooses not to pursue its claims. This winnowing process is not unlike what happens in the overwhelming majority of pre-suit disputes between parties. The only difference here is that in the normal course, courts never get involved because the parties know each other's identities prior to filing an action.

In the context of BitTorrent copyright infringement litigation, Plaintiff simply does not

have sufficient time to go through a normal presuit process prior to the expiration of the Rule 4(m) deadline. Indeed, it takes at least sixty (60) days, usually around ninety (90) days, and often more than one hundred and twenty days (120) days from the date of the filing of the Complaint to obtain the identities of the Doe Defendants.[1]

    B.    Courts Take Different Views as to the Propriety of Enlarging the Service Deadline Under Rule 4(m)

By the time Plaintiffs actually obtain the Doe Defendants' identities, the 120 days permitted under Rule 4(m) to effectuate service is frequently about to expire – if it has not done so already. And, while Plaintiff is aware that Rule 4(m) states that Courts *shall* enlarge the time within which to serve a defendant upon a showing of "good cause," not all judges deem that Plaintiffs' desire to talk to the Doe Defendants prior to serving them constitutes "good cause." See Patrick Collins v. John Does 1-6, Case No. 1:11-cv-20912 (S.D. Fla. 2011), CM/ECF 11 (dismissing case without prejudice despite Plaintiff timely filing a motion to extend the Rule 4(m) deadline and despite Plaintiff not having received some of the Doe Defendants' identities); Raw Films v. John Does 1-36, Case No. 2:11-cv-01603 (D. Arz. 2011) (denying Plaintiff's motion to extend the Rule 4 (m) deadline which was based on Plaintiff's need to complete its "investigatory process,") see CM/ECF 14&15; Nucorp v. John Does 1-9, 5:12:-cv-02086 (E.D. PA. 2012) (denying Plaintiff's motion to extend because Plaintiff did not file a motion for sanctions under Rule 45(e), despite the ISP telling Plaintiff that it would comply but simply needed more time); Patrick Collins, Inc. v. John Does 34-51, 3:11-cv-02143 (S.D. Ca. 2012)

---

[1] The length of time it takes is dependent on: (1) how quickly the Court enters the order granting Plaintiff leave to subpoena the identities of the Doe Defendants, and (2) the process used by the particularly ISP. As for the ISPs' processes, most of them take between 30-60 days to perform the lookup. Thereafter, some ISPs give the Doe Defendants twenty days (20) notice, while other ISPs give the Doe Defendants thirty days (30) notice. Finally, some ISPs do not provide the Doe Defendants' identities if there are any pending motions to quash, and very few of the ISPs provide the identity of the movant during the pendency of said movant's motion.

(denying Plaintiff's request for an extension and noting that the Court had told Plaintiff that "requests for extensions were discouraged.")

Admittedly, the foregoing cases represent a minority of instances wherein the judges refused to grant what Plaintiffs deemed to be reasonable extensions. Nevertheless, these decisions and others like them color undersigned's view that many Courts are not particularly keen on giving extensions for the purpose of allowing Plaintiffs to complete reasonable presuit investigations and discuss settlements with defendants.

C.  Rule 11 Requires Plaintiffs Perform a Reasonable Factual Investigation

Here, it bears noting that at the inception of a John Doe BitTorrent suit there can be no question that Plaintiff has complied with its Rule 11 obligations. Indeed, the John Doe Defendant (a/k/a the subscriber) is not only the most likely infringer, the John Doe Defendant is the only entity capable of being identified that will have any information relevant to the infringement. Since it is clear that the United States government intended to make online infringement actionable, the government must have envisioned and intended to allow this process.[2] *Arguably*, however, if a Plaintiff is permitted to do so, in order for a Plaintiff to comply with Rule 11, a Plaintiff must evaluate any exculpatory evidence proffered by a defendant prior to naming and serving said defendant. Significantly, Plaintiff does evaluate exculpatory evidence. As may be expected, the process of soliciting and exchanging information between the parties takes time.

D.  Voluntary Dismissals Are Legal and Proper

Under Fed. R. Civ. P. 41, a "plaintiff may dismiss an action without a court order by

---

[2] The situation is similar to when a car runs a red light under a camera and the government sends the registered owner a ticket. That ticket is based on the assumption that the registered owner is the driver. Here, Plaintiff's assumption is that the subscriber is the user and infringer. Both parties may defend on the basis of saying that he, she or it lent its car or internet to a third party or that a third party stole the car or internet.

5

filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." There is no limitation in the rule based on the motivation of a party. Accordingly, Plaintiff's notices of voluntary dismissal were expressly allowed by the Rule. Judge Howell in an opinion the review of which she certified to the D.C. Circuit, held that it is proper to use a Doe suit to identify Doe Defendants who reside outside of the D.C. District and for Plaintiff to dismiss the Defendants after Plaintiff learns their identities.

> At this stage, the plaintiff is attempting to identify those infringing its copyright so that it may investigate the feasibility of proceeding in lawsuits against them. <u>That the plaintiff chooses</u>, after obtaining identifying information, to pursue settlement or <u>to drop its claims altogether is of no consequence to the Court.</u> The plaintiff has sufficiently pled allegations of copyright infringement and has a right to name or decline to assert claims against defendants whose identities and other relevant circumstances become known to the plaintiff. *See Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 91 (2005) ("In general, the plaintiff is the master of the complaint and has the option of naming only those parties the plaintiff chooses to sue, subject only to the rules of joinder [of] necessary parties.") (quoting 16 Moore's Federal Practice § 107.14 [2][c], p. 107–67 (3d ed.2005)).

<u>AF Holdings LLC v. Does 1-1,058</u>, CIV.A. 12-0048 BAH, 2012 WL 3204917, *14 (D.D.C. Aug. 6, 2012). Further, in response to an argument that AF Holdings typically dismisses everyone, Judge Howell held "[u]pon receipt of the identifying information sought in the subpoenas, the plaintiff is entitled to seek settlement with these individuals, or decide that pursuing a lawsuit against particular defendants is no longer feasible or cost-effective. Either course selected by the plaintiff would give the copyright owner the opportunity to effectuate its statutorily protected rights and thereby serves our system of justice." <u>Id.</u> at * 17.

E. <u>Plaintiffs Only Use the Doe Defendants' Identities To Enforce Their Copyrights</u>

Plaintiffs only use the Doe Defendants' identities for the purpose of investigating and resolving or litigating its claims. Each of the foregoing actions is aimed at enforcing Plaintiffs' copyrights.

### III. Conclusion

For the foregoing reasons Plaintiff respectfully requests the Court deny the subject motion.

Dated: November 19, 2012

                                        Respectfully submitted,

                                        NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
        Paul J. Nicoletti, Esq. (P44419)
        36880 Woodward Ave, Suite 100
        Bloomfield Hills, MI 48304
        Tel: (248) 203-7800
        Fax: (248) 203-7801
        E-Fax: (248) 928-7051
        Email: paul@nicoletti-associates.com
        *Attorney for Plaintiff*

### CERTIFICATE OF COMPLIANCE

Pursuant to MI R USDCTED LR 5.1(a) I hereby certify that the PLAINTIFF'S MEMORANDUM IN OPPOSITION has been prepared using one of the font and point selections approved by the Court in MI R USDCTED LR 5.1(a)(3). This document was prepared using Times New Roman (12 pt.).

Dated: November 19, 2012

                                    By:   /s/ *Paul J. Nicoletti*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:     /s/ *Paul J. Nicoletti*